UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIDA ORAHA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                            /

Case No. 2:15-cv-13431

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE MONA K. MAJZOUB

**ORDER OVERRULING OBJECTIONS** (document no. 20),
**ADOPTING REPORT AND RECOMMENDATION** (document no. 19),
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 14),
**AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 15)

The Commissioner of the Social Security Administration ("SSA") denied the application of Khalida Oraha for Supplemental Security Income and Disability Insurance Benefits in a decision issued by an Administrative Law Judge ("ALJ"). *See* Administrative Record ("A.R.") 9–30, ECF No. 10-2. After the SSA Appeals Council declined to review the ruling, Oraha appealed. The Court referred the matter to Magistrate Judge Mona K. Majzoub, and the parties filed cross-motions for summary judgment. *See* Mot. Summ. J., ECF Nos. 14, 15. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court deny Oraha's motion and grant the Commissioner's motion. Report, ECF No. 19. Oraha filed timely objections to the Report. Obj., ECF No. 20. After examining the record and considering Oraha's objections de novo, the Court concludes that his arguments do not have merit. Accordingly, the Court will adopt the Report's findings, deny Oraha's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the complaint.

**BACKGROUND**

The Report properly details the events giving rise to Oraha's action against the Commissioner. Report 2–4, ECF No. 19. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he

implicitly resolved such conflicts." *Id.*

## DISCUSSION

Oraha first objects to the magistrate judge's conclusion that the ALJ's determination of Oraha's residual functional capacity (RFC) was proper. She claims to have "a multitude of physical impairments which prevent her from working on a sustained basis" with a light exertion level, as indicated by her need for assistance with completing basic daily tasks. Obj. 2, ECF No. 20. There is insufficient evidence for that conclusion.

In making the RFC determination, the ALJ cited numerous grounds as support, including (1) Oraha's admission that "she only required assistance to put her socks and pants on . . . but otherwise [] was able to dress and shower independently", *see* A.R. 26, ECF No. 10-2; (2) Oraha's various activities, which included light housework, sewing, reading, short walks, and going to the gym regularly to exercise, *id.*; (3) several reports that Oraha's gait and posture were normal, *id.* at 21–24; (4) and the absence of anything in the record showing that Oraha was limited with her upper extremities, *id.* at 25. Overall, the record indicates that the ALJ gave adequate consideration to the relevant evidence in determining Oraha's RFC, and there is significant evidence to support that determination.

Second, Oraha argues that the magistrate erroneously concluded that the ALJ made a proper credibility determination. Specifically, Oraha claims that the ALJ gave an "unexplained conclusion" that amounted to a "boilerplate determination" of Oraha's credibility. Obj. 2, ECF No. 20. That description is patently wrong. The record belies Oraha's contention: the ALJ's determination explicitly highlights several aspects that weighed against the credibility of Oraha's allegations: (1) Oraha's ability to perform numerous daily activities, including those mentioned above, along with cooking meals,

3

taking short walks, going to the store, and driving short distances, A.R. 27, ECF No. 10-2; (2) conservative medical treatment that was never upgraded to address supposedly debilitating impairments, *id.* at 27; and (3) the significant improvement of Oraha's mental impairments after being placed on Adderall, improvements that enabled her to take an extended three-week vacation, *id.* at 28. Accordingly, the ALJ's credibility finding was supported by substantial evidence, and is accorded great weight and deference. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Oraha's objections. The Court finds Oraha's objections unconvincing, and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Oraha's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Oraha's Objections (document no. 20) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 19) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Oraha's Motion for Summary Judgment (document no. 14) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: November 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2016, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Acting Case Manager